UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KELLY ABERCROMBIE,

        Petitioner,

v.                              Case No. 5:07-cv-00160-Oc-10GRJ

WARDEN, FCC COLEMAN-CAMP,

        Respondent.

## ORDER DISMISSING PETITION

Petitioner initiated this action, through counsel, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently in the custody of the Bureau of Prisons (BOP) serving a sentence of fifteen months' imprisonment, followed by three years' supervised release pursuant to a plea agreement filed in the Tampa division of this Court. (Doc. 1).[1] Petitioner challenges the Bureau of Prisons' regulation denying placement at a community confinement center (CCC) "during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21 (2005). Petitioner contends the that "Ten Percent Rule," is a violation of Respondent's obligations under 18 U.S.C. § 3621(b).[2]

---

[1] Petitioner entered a guilty plea to the first count of a 21-count indictment that charged her with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 371. Doc. 1, pg. 3. Her projected release from BOP custody is April 5, 2008.

[2] 18 U.S.C. § 3621(b) states:
The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence -

**Background**

Petitioner states prior to December 2002, prisoners at FCC Coleman were customarily transferred to community confinement before the "ten percent date," regardless of the length of sentence.[3] In December 2002, the Office of Legal Counsel for the Department of Justice declared the policy unlawful because 18 U.S.C. § 3624(c)[4] limited an inmate's placement in a CCC to the lessor of six months or ten percent of the inmate's sentence. As a result, the BOP changed its policy and prisoners filed numerous habeas petitions challenging the December 2002 Policy. Many courts found the December 2002 policy contrary to the plain meaning of 18 U.S.C. § 3621(b).[5]

In response to those decisions, the BOP created new regulations in 2005 governing the placement of inmates in CCCs.[6] The "Ten Percent Rule" has been invalidated in several circuits.[7] Petitioner requests the Court to order the BOP to consider Petitioner for transfer to a CCC without regard to the Ten Percent rule.

---

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

[3] See BOP Program Statement 7310.04.

[4] Section 3624(c) provides as follows:
The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

[5] See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Cato v. Menifee, 2003 WL 22725524 at *4 (S.D.N.Y. Nov. 20, 2003 (collecting cases).

[6] See 28 C.F.R. § 570.21 (2005).

[7] See Wedelstedt v. Wiley, 477 F.3d 1160, 1164 (10th Cir. 2007) (adopting reasoning of Second, Third, and Eighth Circuit decisions in finding rule invalid) (citations omitted).

**Exhaustion of Administrative Remedies**

As a preliminary matter, the Court finds Petitioner is challenging the execution of her sentence and thus, a writ of habeas corpus pursuant to § 2241 an appropriate legal vehicle to challenge the Ten Percent rule.[8] Respondent maintains this matter is not properly before the Court because, *inter alia*, the Petitioner has not received final agency denial of her request.[9] It is undisputed that Petitioner has not exhausted her administrative remedies. Rather, Petitioner maintains exhaustion would be futile and is unnecessary prior to filing the instant Petition.

Although there is no statutory requirement that a federal inmate exhaust her administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional.[10] Therefore, in order to obtain judicial review of a sentence computation by the BOP, a federal inmate must first exhaust her available administrative remedies within the BOP's administrative remedy program.[11] The following policies are promoted by requiring the exhaustion of administrative remedies:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be

---

[8] Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000); *see also* Williams v. Pearson, 197 Fed. Appx. 872 (11th Cir. 2006)(unpublished).

[9] Doc. 18, pg. 2-10.

[10] Winck v. England, 327 F.3d 1296, 1300 n. 1 (11th Cir. 2003) (*citing* Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001); United States v. Lucas, 898 F.2d at 1556).

[11] See United States v. Mitchell, 845 F.2d 952, 953 (11th Cir. 1998); see also United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982).

>based; (3) to permit the agency to exercise it's discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'[12]

Although the Eleventh Circuit has not addressed exhaustion in the context of a challenge to the Ten Percent rule, the Eleventh Circuit has held that exhaustion is a jurisdictional prerequisite to consideration of a § 2241 petition. Therefore, the Court declines to judicially waive the exhaustion of Petitioner's administrative remedies.[13] Given that administrative exhaustion is a jurisdictional prerequisite to filing a § 2241 Petition, "whether [a Petitioner] may even assert a waiver or futility exception to the requirement is questionable." Hicks v. Jordan, 2006 WL 263831 **1 (11th Cir. Feb. 2, 2006) (unpublished) (even if exception to exhaustion were available, correspondence with BOP official and official's representation that BOP could not grant the requested relief did not demonstrate that exhaustion should be excused).[14]

---

[12] Irwin v. Hawk, 40 F.3d 347, 348 (11th Cir. 1994) (citations omitted).

[13] See, e.g., Galaviz v. Zenk, 2007 WL 2422047 (N.D. Ga. 2007) (noting that Eleventh Circuit caselaw "weighs heavily in favor" of requiring exhaustion, and that exhaustion was not futile where reasons other than the ten percent rule might preclude Petitioner's eligibility for CCC placement); but see Jones v. Zenk, 495 F. Supp. 1289, 1300 (N.D. Ga. 2007) (judicially waiving exhaustion requirement as futile as to challenge to ten percent rule because BOP had predetermined the issue by rulemaking).

[14] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent, but may be cited as persuasive authority. 11th Cir. R. 36-2.

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED without prejudice**. The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on this 4th February 2008.

_____
UNITED STATES DISTRICT JUDGE

c:  Counsel of Record